JANE FITZPATRICK v. CHARLES H. TUCKER, *as*
*Administrator*, *etc.*

No. 13,805.  (78 Pac. 828.)

SYLLABUS BY THE COURT.

EVIDENCE—*Hearsay Testimony.* Where the testimony of a wit-
ness regarding a conversation had with a party is otherwise
competent as tending to show material admissions, it is not ren-
dered incompetent by the fact that in reproducing his own lan-
guage he is incidentally required to repeat statements which he
then made as to what other persons had told him.

Error from Douglas district court; CHARLES A.
SMART, judge. Opinion filed December 1, 1904. Af-
firmed.

*W. B. Brownell,* and *John Q. A. Norton,* for plaintiff
in error.

*A. W. Benson,* and *A. C. Mitchell,* for defendant in
error.

The opinion of the court was delivered by

MASON, J. : Charles H. Tucker, as administrator of
the estate of Harry M. Barber, sued Jane Fitzpatrick
for the recovery of $1800 alleged to have been borrowed
by the defendant from plaintiff's decedent, her son-in-
law.  From a judgment for plaintiff defendant prose-
cutes error. The answer was a general denial. In
the course of her testimony the defendant admitted
having received from Barber, in his lifetime, the
amount of money named, but claimed that the trans-
action was not a loan, but the payment by Barber of
a debt that he owed to her, and upon the issue thus
made the entire controversy was waged. The errors
assigned relate to the admission of testimony and to
the giving and refusing of instructions.

Fitzpatrick v. Tucker.

A witness was produced and examined by plaintiff for the purpose of showing that the defendant had specifically admitted that she had borrowed the money and was to pay it back. This witness, over the objection of defendant, was permitted to testify that he had had a conversation with the defendant in which he told her of a number of statements made to him by Barber, to the general effect that the transaction in question was a loan, and asked her if these statements were true, she answering that they were. The objection is made that by pursuing this course the plaintiff was enabled to get before the jury evidence of the self-serving declarations of plaintiff's decedent. But it is not apparent how the perfectly competent evidence of the defendant's admissions could have been otherwise introduced. It clearly would not have been permissible for the witness to say in set phrase that the defendant admitted that she had borrowed the money, or that her statements to him had that effect. It was proper that he should detail the entire conversation, notwithstanding the fact that in reproducing his own words it became necessary incidentally to tell what statements he had at the time attributed to Barber.

Objections are also made to the admission of evidence relating to transactions between Barber and a bank with which he had dealings, to the latitude permitted in the cross-examination of one of defendant's witnesses, and to the allowance of testimony in rebuttal of a part of his evidence, claimed to have been upon collateral matters. The transaction under investigation was necessarily involved to some extent with other business matters, and it does not appear that there was any abuse of discretion in not more closely limiting the scope of the inquiry, although

some of the testimony may have borne but remotely upon the main question presented.

A final objection is based upon the refusal of the court to instruct upon the theory that Barber might have paid the money to defendant in satisfaction of a debt owing to the estate of her deceased husband. While the pleadings would have permitted such an issue, the defendant by her own testimony as to the character of the transaction had eliminated it, and it was not error to conform the instructions to this situation.

The judgment is affirmed.

All the Justices concurring.